### DWIGHT TAYLOR V. STATE OF NEBRASKA.

FILED JUNE 24, 1924. No. 23981.

1. Contempt: FINDINGS. Findings of fact by the trial judge in a proceeding for contempt of court have the same force and effect as the verdict of a jury, and where there is a conflict in the evidence, if there is sufficient evidence to sustain the verdict, it will not be disturbed.

2. ———: DUTY OF COURTS. It is the duty of courts to zealously guard against and punish any interference or any attempt to interfere with the testimony of witnesses by means of bribery, intimidation, inducements, or solicitations of any kind, in order to induce them to change or modify their testimony, or to suppress the facts.

3. ———: ATTEMPT TO SUPPRESS EVIDENCE. While waiting in the hall of the courthouse, where she had been subpœnaed as a witness to testify in a criminal case, the accused approached a

girl of about 14 years of age, endeavored to induce her to suppress a part of the facts in the case in which she was a witness, and promised her a new dress if she would not tell all she knew. *Held.* that this was an interference with the proper administration of justice and constituted contempt of court.

ERROR to the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Affirmed.*

*McKenzie, Cox & Harris,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and THOMPSON, JJ., and BLACKLEDGE, District Judge.

LETTON, J.

Plaintiff in error was convicted of contempt of court and seeks to set aside his conviction. The substance of the charge against him is that on or about the 8th day of February, 1924, a criminal action was pending in the district court for Douglas county, wherein James Griffin and others were charged with the crime of murder; that on that date two girls, witnesses for the state of Nebraska, naming them, were waiting in the hall of the courtroom to testify in the case; that the accused, knowing these facts, wrongfully and for the purpose and intent to hinder the due administration of justice in that case, did solicit these witnesses not to give testimony against the defendant which they knew to be true, and in consideration for their not giving such testimony he promised to buy each of them a new dress. A plea of not guilty was interposed. The charge was tried to the court, who found the defendant guilty and sentenced him to be imprisoned in the county jail for 30 days.

The only error charged is that the evidence is insufficient to sustain the finding of the court that Taylor was guilty of the charge set out in the information.

There is a direct conflict in the testimony. Dolores Newton, who is a schoolgirl about 14 years of age, testified that

Taylor v. State.

on February 7, 1924, which was Thursday, she was waiting in the hall of the courthouse in Douglas county. She had been subpœned as a witness in the criminal case mentioned. She had been attending as a witness from Monday until that day. On Thursday the accused, whom she knew, said to her in the hall that he would buy her a new dress if she did not testify all she knew, and also said: "You would hate to convict an innocent man, wouldn't you? It would haunt you the rest of your days." And that this was said before she was called into the courtroom to give her testimony. She also testified that Evelyn Clark, another schoolgirl, about 15 years of age, and one Mrs. Finn, were in the hall of the courthouse at the time, and that during the conversation Mrs. Finn and Evelyn Clark came over to where she and Taylor were standing. Evelyn Clark testified she heard the remark with reference to the conviction of an innocent man, and that she thought this remark by Taylor was meant for her as well as for Miss Newton. Both girls, Taylor and Mrs. Finn agreed that one of the girls said she had $12 coming from her witness fees, and that would buy her a new dress, and that Taylor said: "Put three more dollars with it and you could get a good dress." Mrs. Finn testified that the conversation with Taylor was after he had testified; that she was present during the whole time, and that while she was there nothing was said with respect to the conviction of an innocent man, or that he would give the girls, or either of them, a new dress.

In the trial of a case for contempt of court, the findings of fact by the trial judge have the same force and effect as the verdict of a jury. Where there is a conflict in the evidence, the rule, that if there is sufficient evidence to sustain the verdict it will not be set aside, applies. If the testimony of the two girls is believed, there is ample evidence to sustain the conviction. If the evidence of Taylor and Mrs. Finn is believed, the accused is not guilty. Under these circumstances, the finding of the trial court may not be set aside on the ground that it is not sustained by the evidence. All the witnesses were before the trial judge. Some facts were developed on cross-examination which may have

influenced the mind of the judge as to their respective credibility. He could observe their demeanor and have the invaluable aid, in determining whether the testimony was true or false, of observing their manner of testifying and their general appearance upon the witness stand. The inducement offered the witness may seem trifling to mature minds, but the promise of a new dress to a girl of the age of Dolores Newton may have had a great attraction for her and might have well induced her to suppress part of the truth.

The offense charged is a heinous one and merits the severest condemnation. Thus to interfere with the administration of justice is clearly a contempt of court. Such offenses should not be passed over lightly nor regarded as of little moment. It is impossible for a jury to reach the right conclusion upon the trial of a case unless the testimony comes to them unpolluted or uninfluenced. It is difficult enough to obtain a knowledge of the real facts, even when the witnesses are telling the truth, since so much depends upon the point of view, upon the ability to observe and retain, and on the mental aptness of the respective witnesses. Courts should zealously guard against and punish any interference with, or any attempt to interfere with, the testimony of witnesses by means of bribery, intimidation, inducements or solicitations of any kind in order to influence them to change or modify their testimony, or to suppress the facts.

The judgment of the district court is

AFFIRMED.

Note—See Contempt, 13 C. J. p. 104, sec. 168; p. 38, secs. 48, 50.